UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

CIVIL ACTION NO. 2:22-CV-00037-WOB-EBA

COLIN BLAIR SMITH, *et al.*,                                          PLAINTIFFS,

V.                          **MEMORANDUM OPINION & ORDER**

YOHEI KUROKI, *et al.*,                                               DEFENDANTS.

This matter is before the Court on Defendant Mitsui Sumitomo Marine Management (U.S.A.), Inc.'s ("MSMM") Motion for Stay of Discovery and Bifurcation of Bad Faith Claims. [R. 19].  No other party has responded to the motion, and the time to do so has expired.  *See* LR 7.1(c).  Thus, the motion is ripe for review.  *See* LR 7.1(g).

## I. FACTUAL BACKGROUND

This lawsuit originated in Kenton Circuit Court and arose out of a motor vehicle accident. Plaintiffs Colin and Jerome Smith—Kenton County, Kentucky residents—were traveling in a motor vehicle on I-75 in Georgia while returning from vacation on April 4, 2018.  [R. 1-6 at ¶¶ 1, 6].  While stuck in traffic, Plaintiffs' vehicle was struck from behind by a truck driven by Defendant Yohei Kuroki and insured by Defendant MSMM.  [*Id.* at ¶ 7].  Plaintiffs allege that Kuroki was driving the vehicle in a negligent manner, and his negligent or reckless behavior caused the accident and Plaintiffs' resulting injuries.  [*Id.* at ¶ 8].  Thus, Plaintiffs assert claims of common law negligence, punitive damages, and intentional or negligent infliction of emotional distress against Defendants.  [*Id.* at ¶¶ 6–15].  Plaintiffs also allege bad faith claims against MSMM pursuant to Kentucky law for its conduct following the accident, including its investigation and treatment of Plaintiffs' claims related to the April 4, 2018 collison.  [*Id.* at ¶ 17].

With Kuroki's consent, MSMM removed the action to this Court.  [R. 1].  MSMM's instant motion asks the Court to bifurcate Plaintiffs' claims and to stay discovery of the bad faith claims pending a determination of Plaintiffs' underlying tort claims.  [R. 19].  In fact, MSMM insists that Kentucky law demands a litigant to prove an insurer is obligated to pay a claim under the terms of a policy in order to prevail on a bad faith claim.  Now, MSMM's motion is ripe for ruling.

## II. LEGAL STANDARD

District courts have the power to order separate trials in the same action under Federal Rule of Civil Procedure 42(b).[1]  Under Rule 42, a court may choose between a bifurcated and a unified trial by weighing the conveniences, prejudices, and expediencies that both options would create for the parties and the court.  *See In re Beverly Hills Fire Litig.*, 695 F.2d 207, 216 (6th Cir. 1982). The balance of those factors in a given case is left to the court's discretion.  *In re Bendectin Litig.*, 857 F.2d 290, 307 (6th Cir. 1988) (citations omitted).  "Courts frequently bifurcate claims addressing coverage and bad faith claims against insurance companies, as deciding the first claim may obviate the need to litigate the second."  *Al J. Schneider Co. v. Hartford Fire Ins. Co.*, No. 3:20-CV-00863-BJB, 2021 U.S. Dist. LEXIS 229883, at *15-16 (W.D. Ky. Dec. 1, 2021) (collecting cases).

Likewise, the Court retains the decision whether to stay discovery by considering the principles of judicial economy and discretion.  "Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined."

---

[1] A Magistrate Judge may rule on a motion to bifurcate pursuant to U.S.C. § 636(b)(1)(A).  *Rowlett v. LM Ins. Corp.*, No. 6:20-CV-253-REW-HAI, 2021 U.S. Dist. LEXIS 259666, at *2 (E.D. Ky. Aug. 13, 2021) (citing *Crosswater Canyon v. Allied World Assurance Co. United States*, No. 19-64-DLB-CJS, 2020 U.S. Dist. LEXIS 125755, at *6 (E.D. Ky. July 17, 2020)).  "Since a decision on bifurcation will not finally resolve any of Plaintiff's claims, a motion to bifurcate is not dispositive[.]"  *Crosswater Canyon*, 2020 U.S. Dist. LEXIS 125755, at *6 (quoting *MidAmerican Distrib., Inc. v. Clarification Tech., Inc.*, No. 2:09-cv-96-DLB-JGW, 2011 U.S. Dist. LEXIS 158858, 2011 WL 12885994, at *1 (E.D. Ky. Jan. 20, 2011)).  Likewise, a motion to stay discovery is within the purview of a Magistrate Judge's decisional authority and is not dispositive.  *MidAmerican*, 2011 U.S. Dist. LEXIS 158858, at *4.  Thus, Plaintiffs' motion, [R. 19], may be resolved via memorandum order.  *See id.*

*Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003); *see also Bath & Body Works, Inc. v. Luzier Personalized Cosmetics, Inc*., 76 F.3d 743, 747 (6th Cir. 1996).

### III. DISCUSSION

### A. Motion to Bifurcate

Here, bifurcation is appropriate.  First, the Court notes that neither Defendant Kuroki nor the Plaintiffs responded to MSMM's motion.  The record does not reflect any opposition to bifurcation or a stay of discovery by any party.  For this reason alone, the Court may grant MSMM's motion. *See* LR 7.1(c).  Second, MSMM's motion is meritorious.  As a preliminary matter, bifurcation is procedural, rather than substantive law—therefore Federal Rule of Civil Procedure 42(b), not Kentucky law, controls. *See Gillman v. Edmonds*, No. 06-274-GFVT, 2007 U.S. Dist. LEXIS 106866, at *3 (E.D. Ky. Feb. 2, 2007); *Rowlett v. LM Ins. Corp.*, No. 6:20-CV-253-REW-HAI, 2021 U.S. Dist. LEXIS 259666, at *2 (E.D. Ky. Aug. 13, 2021).  However, Rule 42(b) affords the district court much discretion when considering the Rule 42(b) factors.  Key to MSMM's motion is the consideration of judicial economy.  Kentucky's highest court has held that it is an abuse of discretion for a trial court to try a plaintiff's negligence and bad faith claims together. *Wittmer v. Jones*, 864 S.W.2d 885 (Ky. 1993).  The court reasoned that it was error to allow a bad faith claim to be tried alongside personal injury claims because, to prevail on such claims, the insurer must first be obligated to pay a claim under the terms of the policy in the first place. *Id.* at 890.

This Court has applied *Wittmer* numerous times when bifurcating plaintiffs' contract and/or tort claims from accompanying bad faith claims. *Sandlin v. CSAA Fire & Cas. Ins. Co.*, No. 3:22-cv-00013-GFVT, 2022 U.S. Dist. LEXIS 79007, at *3 (E.D. Ky. Apr. 29, 2022) (collecting cases where the Court bifurcated insurance contract claims and bad faith claims); *Rowlett*, 2021 U.S.

Dist. LEXIS 259666 (bifurcating plaintiffs' breach of contract and bad faith claim); *Combs v. Amex Assurance Co.*, Civil Action No. 5:07-48-JMH, 2007 U.S. Dist. LEXIS 115286 (E.D. Ky. Apr. 18, 2007) (bifurcating tort and bad faith claims). Bifurcation in cases such as these "'better protects the rights' of the two different defendants because it keeps out of the first trial 'evidence which was relevant to the issue of bad faith but unnecessary and possibly prejudicial . . . in the trial of the preliminary question of liability." *Id.* at 891 (Liebson, J.) (quoting *Fed. Kemper Ins. Co. v. Hornback*, 711 S.W.2d 844, 849 (Ky. 1986) (Liebson, J., dissenting), *overruled by Curry v. Fireman's Fund Ins. Co.*, 784 S.W.2d 176 (Ky. 1989)). Bifurcation here is therefore appropriate because "liability insurance should not be interjected needlessly into the trial of a negligence case." *Wittmer*, 864 S.W.2d 885, 891 (Ky. 1993). Only after the underlying question of liability is resolved "should the direct action against the insurer be presented." *Id.* "[B]ifurcating for all purposes now will avoid any unnecessary and premature litigation on the issues of bad faith." *Al J. Schneider Co.*, 2021 U.S. Dist. LEXIS 229883, at *16.

Moreover, MSMM argues that separate trials will not prejudice the Plaintiffs, but failure to bifurcate will result in prejudice to the Defendants. For instance, it maintains that a single trial will result in confusion of the jury where jurors are presented with evidence of bad faith and liability at the same time. [R. 19-1 at pg. 4]. Further, MSMM states that bifurcation will prevent "the specious argument" that Plaintiffs should prevail "simply because insurance companies are 'unfair[.]'" [*Id.*]. MSMM's arguments are persuasive and, importantly, unopposed. Thus, the Court finds that the potential for prejudice and potential confusion of the jurors also justify bifurcating Plaintiffs' claims grounded in tort from the bad faith claims. To prevent prejudice to the Defendants, for the convenience of the parties, and to promote judicial economy, the Court shall exercise its discretion and bifurcate Plaintiffs' claims as set forth in Count I, II, and III from the bad faith claims advanced in Count IV of the Amended Complaint. [R. 1-6].

### B. Motion to Stay Discovery

MSMM also moves to stay discovery for Plaintiffs' bad faith claims pending the outcome of Plaintiffs' tort claims. As discussed above, under Kentucky law, Plaintiffs cannot succeed on their bad faith claims without first prevailing on the underlying question of liability. Failure to issue a stay could result in superfluous discovery—and the accompanying expense—for all parties. Staying discovery on the bad faith claims also promotes judicial economy, in the event Plaintiffs do not prevail on their underlying tort claims. *See Hoskins v. Allstate Prop. & Cas. Ins. Co.*, Civil Action No. 6: 06-389-DCR, 2006 U.S. Dist. LEXIS 80327, at *9 (E.D. Ky. Nov. 2, 2006) ("[I]nquiry into the basis for the bad faith claims should be abated until the necessity for such discovery is certain."). Again, to avoid prejudice and unnecessary expense to the parties and the Court, the Court shall stay discovery of Plaintiffs' bad faith claims. Upon resolution of the tort claims, the parties, if necessary, shall be permitted to pursue discovery on the bad faith claims.

### IV. CONCLUSION

Having reviewed the record and the memoranda filed by MSMM, the Court concludes that the evidence regarding the claims of bad faith should be tried separate from Plaintiffs' tort claims. Bifurcation, moreover, shall prevent prejudice to the parties while promoting judicial economy. Accordingly,

IT IS ORDERED that the Motion to Bifurcate and to Stay Discovery [R. 19] is GRANTED. Signed January 5, 2023.



Signed By:

*Edward B. Atkins*

United States Magistrate Judge